IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILLIAM RODRÍGUEZ-BURGOS,<br><br>Plaintiff,<br><br>v.<br><br>ARCOS DORADOS PUERTO RICO, LLC ET AL.,<br><br>Defendants. | CIV. NO.: 19-2089 (SCC) |

**OPINION AND ORDER**

Plaintiff William Rodríguez-Burgos originally filed this action against Defendant Arcos Dorados Puerto Rico, LLC ("Arcos Dorados") for various violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, at a McDonald's restaurant, seeking declaratory and injunctive relief. *See* Docket No. 1. Plaintiff later amended the Complaint, adding Defendant PLH Investment, Inc.[1] *See* Docket No. 41. Pending before the Court is Defendants' Motion for Summary Judgment, *see* Docket No. 64, and Plaintiff's Cross Motion for Partial Summary Judgment, *see* Docket No. 77. The parties have also since filed various

---

[1] Plaintiff also added McDonald's Corporation and Arcos Dorados Holdings Inc. as defendants, but those parties have since been dismissed from this action. *See* Docket Nos. 85, 91.

Motions to Strike relating to their Motions for Summary Judgment, which also await disposition by the Court. *See* Docket Nos. 87, 89. Finally, also pending before us is Plaintiff's Motion for Leave to File Amended Complaint seeking nominal damages of $1. *See* Docket No. 88.

In support of their Motion for Summary Judgment, Defendants submit an unsworn expert report indicating that the appropriate changes have been made to put the McDonald's restaurant at issue fully in compliance with the ADA, and they therefore argue that Plaintiff's claims for injunctive and declaratory relief are now moot and should be summarily dismissed. *See* Docket No. 64. Plaintiff, however, argues that the expert report is inadmissible hearsay, and that summary disposition at this stage is premature under Fed. R. Civ. P. 56(d), given that no formal discovery has been conducted. *See* Docket No. 77.

We agree that Defendants' unsworn expert report, which serves as the sole basis for their Motion for Summary Judgment, is inadmissible hearsay and cannot be considered as part of that Motion. *See Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (finding that failure to properly authenticate supporting documents renders those documents inadmissible at the summary judgment stage in accordance with Fed. R. Civ. P. 56(e)); *Ríos Colón v. U.S.*, 928 F.Supp.2d 388, 391-92 (D.P.R. 2012) (ruling that an expert report that is unsworn is

an inadmissible hearsay document and therefore cannot be considered at the summary judgment stage). We also agree that, given that there has been no discovery, Defendants' may not rely on an expert report where Plaintiffs have not had the opportunity to depose that expert or present an expert report of their own. *Cf. Amoah v. McKinney*, 875 F.3d 60, 63 (1st Cir. 2017) (holding that allowing expert reports submitted outside of the discovery period would have substantially prejudiced the opposing party and would force the moving party to "withdraw the current motion for summary judgment, depose plaintiff's experts, perhaps have their own experts prepare amended expert reports based on plaintiff's expert reports, and then – if still deemed prudent – file a new motion for summary judgment").

However, given the history of mudslinging in which the parties have engaged throughout this litigation, the Court does not believe the parties are capable of engaging in civil discovery at this time. Therefore, the Court will appoint an expert pursuant to Fed. R. Evid. 706(a) to conduct a site visit of the McDonald's restaurant located on Marginal Los Angeles in Carolina for the purpose of determining whether the location is currently in compliance with the ADA. In accordance with Rule 706(A) the parties may each submit three names of potential experts to aid the Court is selecting an expert to conduct the inspection. The parties have until

4/30/2021 to submit their nominations. After the site visit has been conducted, and the expert witness has rendered her report, the Court will schedule a hearing in which the parties may question the expert. Afterwards, the Court will rule on the pending Motions for Summary Judgment based on the Court-appointed expert's findings.

Lastly, we turn to Plaintiff's Motion for Leave to Amend the Complaint to seek nominal damages of $1. First, Plaintiff's request is highly untimely. *See Grant v. News Grp. Boston, Inc.*, 55 F.3d 1, 6 (1st Cir. 1995) ("Where considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for his neglect and delay."). Plaintiff originally filed this action on November 22, 2019, nearly a year and a half before filing the Motion for Leave to Amend on March 9, 2021 and gives no reason for this delay. *See* Docket Nos. 1, 88. In addition, Plaintiff relies on *Uzuegbunam v. Preczewski*, 592 U.S. ___ (2021) for his convoluted argument that justice requires that he be allowed to seek nominal damages of $1. However, his reliance is misplaced, as that case, which dealt with violations of the First Amendment of the Constitution, holds that a request for nominal damages satisfies the redressability element necessary for Article III standing, an issue separate from mootness. *Uzuegbunam* 592 U.S. at *2. Here, the parties do not dispute that Plaintiff, who is disabled, has standing to

bring this action. As such, Plaintiff's Motion for Leave to Amend Complaint at Docket No. 88 is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of April 2021.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE